1

2

3

4

5

6

7                                    UNITED STATES DISTRICT COURT

8                            FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    BILLY RAY SHANEE MALDONADO,                    No.  2:23-cv-00028 DJC DB P

11                          Plaintiff,

12               v.                                  FINDINGS AND RECOMMENDATIONS

13    CALIFORNIA DEPARTMENT OF
      CORRECTIONS, et al.,
14
                             Defendants.
15

16            Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

17    U.S.C. § 1983.  Plaintiff claims that he was denied a parole hearing due to prejudice and perjury

18    by the defendants.  Presently before the court is plaintiff's motion to proceed in forma pauperis.

19    (ECF No. 2.)  For the reasons set forth below, the court will recommend that the motion to

20    proceed in forma pauperis be denied.

21    ////

22    ////

23    ////

24    ////

25    ////

26    ////

27    ////

28    ////

                                                     1

1

**IN FORMA PAUPERIS**

2

**I.      In Forma Pauperis Statue**

3      The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

4  the commencement and prosecution of any suit without prepayment of fees by a person who

5  submits an affidavit indicating that the person is unable to pay such fees.  However,

6
> [i]n no event shall a prisoner bring a civil action . . . [in forma
7
> paupers] if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal
> in a court of the United States that was dismissed on the grounds that
8
> it is frivolous, malicious, or fails to state a claim upon which relief
> may be granted, unless the prisoner is under imminent danger of
9
> serious physical injury.

10  28 U.S.C. § 1915(g).

11      This "three strikes rule" was part of "a variety of reforms designed to filter out the bad

12  claims [filed by prisoners] and facilitate consideration of the good."  Coleman v. Tollefson, 135

13  S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007) (brackets in

14  original)).  If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from

15  proceeding in forma pauperis unless he meets the exception for imminent danger of serious

16  physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007).  To meet this

17  exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was

18  faced with imminent danger of serious physical injury at the time his complaint was filed.  See

19  Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

20

**II.      Has Plaintiff Accrued Three Strikes?**

21      A review of actions filed by plaintiff reveals that plaintiff is subject to 28 U.S.C. §

22  1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the

23  complaint was filed, under imminent danger of serious physical injury.  Judges have previously

24  found that plaintiff has accrued three strikes.  See Maldonado v. Kebler, 2:22-cv-00923, 2021

25  U.S. Dist. LEXIS 140166, at *2-3 (E.D. Cal. July 27, 2021); Maldonado v. Lizarraga, No. 2:15-

26  cv-2682, 2017 U.S. Dist. LEXIS 72379, at *2 (E.D. Cal. May 10, 2017); Maldonado v. Lizaraga,

27  No. 2:15-cv-2436, 2016 U.S. Dist. LEXIS 4925, at *2 (E.D. Cal. Jan. 14, 2016).  The court takes

28  judicial notice of those cases and plaintiff's prior filings described therein.  MCIC Indem. Co. v.

1  Weisman, 803 F.2d 500, 505 (9th Cir. 1986) (A court may take judicial notice of its own records

2  and the records of other courts).  Those cases include: (1) Maldonado v. Yates, et al., 1:11-cv-

3  01735 LJO GSA (E.D. Cal. Jun. 13, 2013) (dismissed for failure to state a claim upon which

4  relief may be granted); (2) Maldonado v. Trimble, et al., 1:11-cv-02160 LJO DLB (E.D. Cal. Apr.

5  19, 2013) (dismissed for failure to state a claim upon which relief may be granted);  (3)

6  Maldonado v. Yates, et al., 1:11-cv-01885 AWI JLT (E.D. Cal. Jan. 17, 2014) (dismissed for

7  failure to state a claim upon which relief may be granted).  These strikes all occurred before

8  plaintiff initiated the present action on January 6, 2023.

9       **III.    Does Plaintiff Meet the Imminent Danger Exception?**

10           Because plaintiff has accrued three strikes, plaintiff is precluded from proceeding in forma

11  pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C.

12  § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner

13  faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493

14  F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be

15  rejected as overly speculative or fanciful."  Id. at 1057 n.11.  Imminent danger of serious physical

16  injury must be a real, present threat, not merely speculative or hypothetical.  To meet his burden

17  under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical

18  injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."

19  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory

20  assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir.

21  1998).  That is, the "imminent danger" exception is available "for genuine emergencies," where

22  "time is pressing" and "a threat . . . is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531

23  (7th Cir. 2002).

24           The court has reviewed plaintiff's complaint.  (ECF No. 1.)  This complaint contains few

25  factual allegations.  In it, plaintiff briefly alleges that he was denied a parole hearing date by

26  defendants due to "prejudice and perjury by reprisal."  (Id. at 2.)  These allegations do not show

27  that he was under imminent threat of serious physical injury at the time he filed the complaint.

28  ////

3

1    Plaintiff's claim appears to concern the denial of a parole hearing date.  This does not

2  implicate an imminent threat of serious physical injury.  Accordingly, the court finds that plaintiff

3  does not meet the imminent danger exception described in § 1915(g) and should only be allowed

4  to proceed with this action if he pays the filing fee.

5                                          **CONCLUSION**

6    For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

7    1.  The court find plaintiff has accrued three strikes under 28 U.S.C. § 1915(g) prior to

8        filing this action;

9    2.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and

10   3.  The court order plaintiff to pay the $402 filing fee in order to proceed with this action.

11   These findings and recommendations will be submitted to the United States District Judge

12  Assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one

13  days after being served with these findings and recommendations, plaintiff may file written

14  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

16  specified time may result in a waiver of the right to appeal the district court's order.  Martinez v.

17  Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  Dated:  April 3, 2023

19

20

21                                          DEBORAH BARNES
                                            UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

27

28  DB:14
    DB/DB Prisoner Inbox/Civil Rights/R/mald0028.3strikes.fr

                                                4